ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| LUZ J. MOJICA ROSADO<br><br>Peticionaria<br><br>V.<br><br>XAVIER MÉNDEZ ESTRADA<br><br>Recurrido | KLCE202401332<br><br>Consolidado con: | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Bayamón<br><br>Caso Núm. D CU2015-0422<br><br>Sala: 3002<br><br>Sobre:<br><br>CUSTODIA |
| LUZ J. MOJICA ROSADO<br><br>Apelante<br><br>V.<br><br>XAVIER MÉNDEZ ESTRADA<br><br>Apelado | KLAN202401137 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Bayamón<br><br>Caso Núm. D CU2015-0422<br><br>Sala: 3002<br><br>Sobre:<br><br>CUSTODIA |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Rivera Pérez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de enero de 2025.

La Sra. Luz J. Mojica Rosado (en adelante, Sra. Mojica Rosado) comparece ante nosotros, solicitando la revisión de la *Resolución* emitida el 27 de septiembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("TPI"). Mediante dicha resolución, el TPI acogió las recomendaciones sobre custodia del *Informe Social Forense* presentado el 5 de abril de 2024 por la Trabajadora Social de la Unidad Social de Relaciones de Familia y Menores. En consecuencia, se determinó que el Sr. Xavier Méndez Estrada (en adelante, Méndez Estrada) continuaría ostentando la

Número Identificador

SEN2025_____

custodia de los menores L.J. Méndez Mojica y Y.M. Méndez Mojica. Además, determinó que, en este momento, no se establecerían relaciones maternofiliales.

Por los fundamentos que se expondrán a continuación, este Tribunal resuelve revocar el dictamen apelado.

**I.**

Las partes involucradas en este caso son los padres con patria potestad de los menores L.J. y Y.M., ambos de apellidos Méndez Mojica. El Sr. Méndez Estrada ha ostentado la custodia legal de los menores desde el 2012, cuando el Departamento de la Familia removió a los menores del hogar materno debido a alegaciones de maltrato físico por parte de la Sra. Mojica Rosado. Como resultado de estos actos, el Departamento de la Familia presentó el Caso Núm. K MM2012-0078 al amparo de la Ley Núm. 246-2011, según enmendada, *"Ley para la Seguridad, Bienestar y Protección de Menores"*, 8 LPRA sec. 1101 *et seq.*, la cual ya ha sido derogada. A pesar de que el plan de permanencia en este caso contemplaba el retorno de los menores al hogar biológico, la Sra. Mojica Rosado optó por entregar voluntariamente la custodia de los menores al Sr. Méndez Estrada, padre de estos. Posteriormente, se establecieron relaciones maternofiliales, mediante la *Sentencia*[1] emitida el 8 de diciembre de 2014 y notificada el 11 de diciembre de 2014 en el Caso Núm. K MM2012-0078.

Sin embargo, las relaciones maternofiliales establecidas como parte del proceso judicial bajo la Ley Núm. 246-2011, *supra*, fueron suspendidas tras un incidente de agresión de la Sra. Mojica Rosado hacia el Sr. Méndez Estrada, ocurrido en presencia de los menores. Como consecuencia de este incidente, se emitió una orden de protección a favor del Sr. Méndez Estrada en el Caso Núm.

---

[1] Apéndice I del *Alegato en Oposición al Recurso de Certiorari y Apelación Civil*, págs. 1-3.

OPA2015-0300709. Luego de esta determinación, la Sra. Mojica Rosado presentó una demanda de custodia en el Caso Núm. D CU2015-0422, ante el TPI.

El 29 de marzo de 2017, la Unidad Social de Relaciones de Familia y Menores del TPI (en adelante, "Unidad Social"), tras realizar un estudio social sobre la custodia y las relaciones maternofiliales, emitió un informe en el cual recomendó que la custodia de los menores continuara bajo el Sr. Méndez Estrada. Asimismo, recomendó que las relaciones maternofiliales se desarrollaran dentro de un contexto terapéutico.

El 10 de octubre de 2018, el TPI emitió una orden a la Unidad Social para reevaluar las relaciones maternofiliales en un plazo de seis (6) meses, debido a que la Sra. Mojica Rosado solicitó ampliación de sus relaciones con los menores.

Posteriormente, el 10 de agosto de 2020, la Trabajadora Social Denise Rivera Valentín presentó un Informe Social, en el que recomendó que las relaciones maternofiliales, entre otras cosas, se llevaran a cabo domingos alternos de 9:00 a.m. a 4:00 p.m. en lugares públicos, sin que los menores visitaran el hogar materno, salvo que ellos estuvieran de acuerdo. El 10 de septiembre de 2020, el TPI emitió una resolución acogiendo las recomendaciones del Informe Social.

El 10 de mayo de 2021, se celebró una vista en el caso de epígrafe. Durante la misma, la Sra. Mojica Rosado manifestó estar en desacuerdo con las recomendaciones del Informe Social, lo que llevó al Tribunal a ordenar una vista de impugnación para el 2 de agosto de 2021.

El 2 de agosto de 2021, se llevó a cabo dicha vista. En esa ocasión, el Tribunal, entre otros asuntos, ordenó a la Unidad Social actualizar el informe debido al tiempo transcurrido desde la última evaluación.

Debido a un incidente ocurrido el 14 de agosto de 2021 mientras se llevaban a cabo las relaciones maternofiliales, el 20 de agosto de 2021, el Sr. Méndez Estrada presentó una *Urgente Moción Solicitando Suspensión de Relaciones Materno Filiales*, la cual fue declarada "Ha Lugar" por el TPI mediante una orden emitida el 30 de agosto de 2021. Además, el asunto se remitió a la Trabajadora Social para su investigación.

Posteriormente, tras varios trámites procesales, el 27 de enero de 2023, la Sra. Mojica Rosado presentó una *Moción Urgente Solicitando Cambio de Custodia por Alienación Parental y Otros Extremos*.[2] En dicha moción, la Sra. Mojica Rosado solicitó que se le concediera la custodia, alegando que el Sr. Méndez Estrada incumplió deliberadamente con las órdenes del TPI sobre las relaciones maternofiliales establecidas.

El 16 de febrero de 2023, el Sr. Méndez Estrada presentó su Oposición a *Moción Urgente Solicitando Cambio de Custodia por Alienación Parental y Otros Extremos*.[3]

El 7 de marzo de 2023, el TPI refirió el asunto a la Unidad Social. Además, le ordenó a la Trabajadora Social Jasmín Y. Ramos López realizar y presentar un informe social forense sobre relaciones maternofiliales en un término de veinte (20) días.[4]

En cumplimiento con lo ordenado, el 5 de abril de 2023, la Trabajadora Social Jasmín Y. Ramos López presentó un *Informe Social Forense*[5] con las siguientes recomendaciones:

"Custodia
- La custodia de los jóvenes L[...] y Y[...] continúe siendo ejercida por su padre, el señor Xavier José Méndez Estrada.

Relaciones Materno Filiales
- No se recomiendan en este momento.

---

[2] Apéndice de la *Apelación*, págs. 1-14.
[3] Apéndice de la *Apelación*, págs. 17-23.
[4] Apéndice de la *Apelación*, págs. 24 y 25.
[5] Apéndice de la *Apelación*, págs. 26-77.

Otros:

- Que el joven L[...] y la joven Y[...], continúen recibiendo servicios psicológicos a nivel individual para lidiar con estresor familiar y manejo de sentimientos. También seguimiento al progreso académico de Y[...].

- El joven L[...], debe continuar tratamiento farmacológico para su diagnóstico de TDAH.

- Cónsono con la recomendación de los peritos de la Clínica de Diagnóstico recomendamos que los padres reciban servicios psicológicos a nivel individual para lidiar con estresor familiar y manejo adaptativo de las emociones. El terapeuta determinará cuando será viable iniciar un proceso de terapia familiar entre los padres con el propósito de mejorar los canales de comunicación entre estos. Recomendamos que ambos padres seleccionen al mismo profesional que los atenderá a nivel individual y luego en conjunto.

- En cuanto a los asuntos académicos, recomendamos se le ordene al padre establecer comunicación electrónica (email) con la madre, donde este se encargue de enviar a la madre información sobre el progreso de los jóvenes; calificaciones, certificados de mérito, fotos de actividades. Así como información relacionada a la salud de estos.

- En cuanto a la participación de la madre en actividades donde los menores participen, no la recomendamos en este momento.

- Que se les ordene a los padres no involucrar ni exponer a los jóvenes en los asuntos de los adultos. Entiéndase asuntos de relaciones filiales, custodia, pensión alimentaria, entre otros."

El 12 de abril de 2023, el TPI emitió una *Resolución y Orden* en la que, entre otros asuntos, le concedió un término de veinte (20) días a las partes para "mostrar causa y fundamento en derecho por lo cual este Tribunal no deba acoger las recomendaciones del informe social."[6]

El 2 de mayo de 2023, la Sra. Mojica Rosado presentó una *Moción Informativa en Cumplimiento de Orden y Solicitud de Impugnación*,[7] en la cual expresó su desacuerdo con las

---

[6] Apéndice de la *Apelación*, pág. 78.
[7] Apéndice de la *Apelación*, págs. 79-85.

recomendaciones del Informe Social y solicitó la celebración de una vista de impugnación. Además, presentó una *Moción Informativa Anunciando Perito y Solicitud de Orden.*[8]

Luego de varios trámites procesales, el 7 de julio de 2023, la Sra. Mojica Rosado presentó *Moción en Cumplimiento de Orden Sometiendo Informe de Impugnación a Informe Social Forense.*[9]

El 31 de octubre de 2023, se celebró una vista mediante videoconferencia.[10] Aunque estaba señalada como una *Vista de Impugnación de Informe*, no se realizaron interrogatorios a los testigos debido a que las partes sostuvieron conversaciones transaccionales. La Sra. Mojica Rosado solicitó un término para analizar el caso y decidir si aceptaba lo propuesto durante la vista.

El 13 de noviembre de 2023, la Sra. Mojica Rosado presentó una *Moción Informativa en Cumplimiento de Orden,*[11] solicitando al tribunal que se señalara nuevamente la vista de impugnación. En respuesta, el 16 de noviembre de 2023, el TPI emitió una orden,[12] notificada el 21 de noviembre de 2023, en la cual programó la vista de impugnación del informe social para los días 22 y 23 de enero de 2024.

El 21 de diciembre de 2023, la Sra. Mojica Rosado presentó una *Moción Solicitando Transferencia por Conflicto de Calendario,*[13] en la que pidió trasladar las fechas de la vista de impugnación. Además, presentó una *Moción Solicitando la Inhibición del Juez.*[14] Ese mismo día, la Jueza que presidía los procedimientos emitió una resolución inhibiéndose del caso *motu proprio.*[15] Ante esta inhibición, el caso fue asignado a otra Jueza, quien el 11 de enero

---

[8] Apéndice de la *Apelación*, págs. 86-87.
[9] Apéndice de la *Apelación*, págs. 93-138.
[10] Apéndice de la *Apelación*, págs. 165-167.
[11] Apéndice de la *Apelación*, págs. 170-171.
[12] Apéndice de la *Apelación*, págs. 172-174.
[13] Apéndice de la *Apelación*, págs. 180-181.
[14] Apéndice de la *Apelación*, págs. 182-186.
[15] Apéndice de la *Apelación*, págs. 187-188 y 189-194.

de 2024 emitió una orden, notificada el 16 de enero de 2024, señalando la vista de impugnación para los días 8 y 9 de mayo de 2024.[16] Asimismo, se ordenó a las partes presentar el Informe de Conferencia con Antelación a Juicio.

El 10 de abril de 2024, la Sra. Mojica Rosado presentó una *Moción Solicitando Prórroga para Someter Informe Conjunto de Conferencia en Cumplimiento de Orden.*[17] En ella, informó que las partes sostenían conversaciones transaccionales y solicitó un plazo adicional para presentar el informe. El Tribunal concedió dicha prórroga, mediante una *Orden* emitida el 15 de abril de 2024 y notificada e 17 de abril de 2024.[18]

El 30 de abril de 2024, notificada el 2 de mayo de 2024, el TPI emitió una *Orden*, dejando sin efecto la vista de impugnación programada para los días 8 y 9 de mayo de 2024, debido a razones personales.[19] Posteriormente, el 3 de junio de 2024, el TPI emitió una orden, notificada el 6 de junio de 2024, señalando nuevas fechas para la vista los días 10 y 11 de julio de 2024.[20] Además, reiteró a las partes la necesidad de presentar el informe conjunto antes de la vista.

El 20 de junio de 2024, la Sra. Mojica Rosado presentó una *Moción Solicitando Señalamiento de Cuatro Días de Vista y Solicitud de Término para Someter Informe Conjunto,*[21] la cual fue denegada por el TPI mediante una *Resolución y Orden* emitida y notificada el 24 de junio de 2024.[22]

Así las cosas, el 9 de julio de 2024, el TPI emitió una *Orden* en la que le impuso una sanción de $50.00 a cada parte por el

---

[16] Apéndice de la *Apelación,* págs. 195-198.
[17] Apéndice de la *Apelación,* págs. 199-200.
[18] Apéndice de la *Apelación,* págs. 201-202.
[19] Apéndice de la *Apelación,* págs. 170-171.
[20] Apéndice de la *Apelación,* págs. 206-208.
[21] Apéndice de la *Apelación,* págs. 209-210.
[22] Apéndice de la *Apelación,* págs. 211-213.

incumplimiento en la presentación del informe conjunto.[23] Además, trasladó la vista de impugnación a los días 23 y 24 de octubre de 2024 y otorgó un plazo final de 10 días para que las partes sometieran el informe conjunto.

El 12 de julio de 2024, el Sr. Méndez Estrada presentó una *Moción Solicitando Reconsideración*,[24] argumentando que no había podido someter el informe conjunto debido a la falta de colaboración de la otra parte. Alegó, además, que no tenía acceso a ciertos informes psicológicos y psiquiátricos anexados al informe social que eran necesarios para completar el documento solicitado.

El 19 de julio de 2024, la Sra. Mojica Rosado presentó una *Moción de Reconsideración y Solicitud de Término para Someter Informe de Conferencia*,[25] explicando que el estado de salud de su abogado había impedido avanzar en la preparación del informe conjunto. Por este motivo, solicitó 30 días adicionales para cumplir con dicha obligación.

El 22 de julio de 2024, el TPI emitió una *Resolución* declarando "Ha Lugar" las mociones de reconsideración y recordó a las partes la importancia de cumplir puntualmente con las órdenes del tribunal.

El 11 de septiembre de 2024, la Sra. Mojica Rosado presentó una *Moción Solicitando Término Adicional por Razones de Salud*,[26] informando que su abogado nuevamente se había enfrentado a problemas de salud que dificultaban cumplir con las obligaciones impuestas por el tribunal y solicitando un término de veinte (20) días para presentar el informe conjunto.

---

[23] Apéndice de la *Apelación,* pág. 214.
[24] Apéndice de la *Apelación,* págs. 215-216.
[25] Apéndice de la *Apelación,* págs. 217-219.
[26] Apéndice de la *Apelación,* págs. 227-231.

En respuesta, ese mismo día, el TPI emitió una orden concediendo un término de quince (15) días para presentar dicho informe.[27]

Transcurrido dicho término, el 27 de septiembre de 2024, TPI emitió la *Resolución*[28] recurrida declarando el incumplimiento de la Sra. Mojica Rosado en la presentación del informe conjunto y acogiendo las recomendaciones del *Informe Social Forense.* Asimismo, se dejó sin efecto el señalamiento de la vista de impugnación de informe social.

El 15 de octubre de 2024, la Sra. Mojica Rosado presentó una *Moción de Reconsideración.*[29] En dicha solicitud, el abogado de la Sra. Mojica Rosado alegó que no pudo cumplir con la presentación del informe conjunto debido a que se encontraba impedido por razones de salud, lo que dificultó su capacidad para atender oportunamente sus obligaciones procesales.[30] Argumentó que no procedía en derecho imponer la sanción drástica de dejar sin efecto la vista de impugnación del informe social y acoger las recomendaciones de la trabajadora social incluidas en el informe social forense. En su lugar, sostuvo que correspondía aplicar lo dispuesto en la Regla 37.7 de Procedimiento Civil, 32 LPRA Ap. V., R. 37.7, que regula las sanciones de manera proporcional y adecuada a las circunstancias particulares del caso.

No obstante, el 15 de noviembre de 2024, el TPI emitió una *Resolución y Orden,*[31] notificada el 18 de noviembre de 2024, en la que declaró "No Ha Lugar" a la solicitud de reconsideración.

En desacuerdo, el 10 de diciembre de 2024, la Sra. Mojica Rosado acudió ante nosotros mediante el recurso de *Certiorari Civil*

---

[27] Apéndice de la *Apelación,* págs. 232-233.
[28] Apéndice de la *Apelación,* págs. 234-235.
[29] Apéndice de la *Apelación,* págs. 238-243.
[30] El Sr. Méndez Estrada se opuso mediante una *Moción en Cumplimiento de Orden* presentada el 13 de noviembre de 2024. Apéndice de la *Apelación,* págs. 236-237.
[31] Apéndice de la *Apelación,* págs. 236-237.

**KLCE202401332**, solicitando la revisión de la *Resolución* emitida el 27 de septiembre de 2024. Posteriormente, el 18 de diciembre de 2024, la Sra. Mojica Rosado también presentó el recurso de *Apelación Civil* **KLAN202401137** contra dicho dictamen. En su escrito, la Sra. Mojica Rosado señaló el error siguiente:

> Erró el Honorable Tribunal de Apelaciones [sic.], en su Resolución del 27 de septiembre de 2024 al dejar sin efecto la vista de impugnación de informe como sanción por las partes haber incumplido con presentar el informe conjunto con antelación a la vista de impugnación y acoger las recomendaciones, incurriendo de esta forma en abuso de discreción y error manifiesto, al sancionar exclusivamente a la demandante y negarle su derecho a su día en corte a pesar de que es una sanción muy severa sin que antes se haya considerado otro tipo de medida por el incumplimiento de ambas partes a la orden de presentar informe conjunto con antelación a la vista de impugnación, actuando de ese modo con pasión, perjuicio parcialidad y error manifiesto, contraria al derecho constitucional a un debido procedimiento de ley, lo que resulta en un fracaso de la justicia.

El 8 de enero de 2025, emitimos *Resolución* ordenando la consolidación del **KLCE202401332** con **KLAN202401137**.

Asimismo, acogimos el recurso de *certiorari* como uno de apelación y mantuvimos el número alfanumérico asignado. Esto se debe a que las resoluciones emitidas por el Tribunal de Primera Instancia en asuntos de alimentos y custodia que modifiquen, o intenten modificar, una determinación final previa debido a un cambio en las circunstancias constituye, en esencia, sentencias apelables. *Cortés Pagán v. González Colón*, 184 DPR 807, 813-814 (2012).

El 16 de enero de 2024, el Sr. Méndez Estrada presentó su *Alegato en Oposición a Recurso de Certiorari y Apelación Civil*.

Contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II.

### A.

La Regla 37.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 37.3, provee para que el tribunal emita una orden sobre la calendarización del caso que recoja las disposiciones y acuerdos considerados en la conferencia inicial. De esta forma, la regla permite la intervención temprana del tribunal para establecer de manera clara la calendarización del caso. Al mismo tiempo, la regla dispone que "[l]os términos y los señalamientos fijados en la orden de calendarización serán de estricto cumplimiento, sujeto a la sanción establecida en la Regla 37.7 de este apéndice". Regla 37.3(c) de Procedimiento Civil, *supra.*

Como vemos, la Regla 37.7 de Procedimiento Civil, 32 LPRA Ap. V, R. 37.7, regula lo concerniente a la imposición de sanciones económicas por incumplir con las órdenes y los señalamientos relacionados al manejo del caso, sin que medie justa causa. Específicamente, el texto de la regla dispone lo siguiente:

> "**Si una parte o su abogado o abogada** incumple con los términos y señalamientos de esta Regla, o **incumple cualquier orden del tribunal para el manejo del caso sin que medie justa causa, el tribunal impondrá a la parte o su abogado o abogada la sanción económica que corresponda.** El dinero recaudado por estas sanciones ingresará al Fondo de Acceso a la Justicia para su disposición al amparo de la Ley 165-2013, según enmendada." (énfasis suplido). *Íd.*

De acuerdo con este lenguaje, "[e]l juez sólo tiene discreción para considerar si las razones que brinda la parte o el abogado que incumplió son suficientes para justificar la no imposición de la sanción económica". R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, págs. 387. "Claro está, nada impide que posteriormente se impongan sanciones más drásticas, luego de que se aperciba a la parte sobre las consecuencias del incumplimiento y se conceda un tiempo razonable para corregir la situación." *Rivera et. al. v. Arcos*

*Dorados et al.*, 212 DPR 194, 205 (2023) (citando a J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., Estados Unidos, Publicaciones JTS, 2011, Tomo III, págs. 1118-1119).

En el caso *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 206, el Tribunal Supremo aclaró lo siguiente:

> "Con la aprobación de la Regla 37.7 de Procedimiento Civil de 2009, supra, la cual procede -en parte- de la Regla 37.3 de Procedimiento Civil de 1979, 32 LPRA Ap. III (ed. 1983), se eliminó la sanción en primera instancia de la desestimación de la demanda,6 ya que se encuentra en conflicto con la Regla 39.2(a) de Procedimiento Civil de 2009, supra.7 La Regla 37.7 de Procedimiento Civil de 2009, supra, que además es equivalente -en parte- a la Regla 16(f) de las Reglas de Procedimiento Civil Federal, Fed. R. Civ. P. 16(f), 28 USCA, también difiere de esta última en que no contiene una referencia expresa a la regla de sanciones del descubrimiento de prueba, que incluye la limitación de la presentación de prueba en el juicio, **"pues contempla la sanción económica como el disuasivo principal con el incumplimiento con esta Regla 37 que requiere el cumplimiento cabal con los términos y señalamientos de esta regla y con la orden de manejo del caso para el buen funcionamiento.** Cuevas Segarra, *op. cit.*, págs. 1119-1120." (énfasis en el original).

Finalmente, en dicho caso, el Tribunal Supremo resolvió lo siguiente:

> "Debemos considerar, conjuntamente, "que la medida severa de excluir del juicio el testimonio de un testigo crucial [o de un perito esencial], que es análoga a la medida extrema de la desestimación, sólo debe usarse en circunstancias excepcionales [...]". Valentín v. Mun. de Añasco, 98 TSPR 83, 145 D.P.R. 887, 895, 1998 Juris P.R. 84 (1998). En el citado caso, este Tribunal indicó que tales sanciones drásticas no son favorecidas judicialmente. Íd. Con este juicioso proceder, promovemos los valores superiores de la búsqueda de la verdad y la justicia en los procesos adjudicativos. Íd., pág. 897. De igual forma, fomentamos la política judicial de que los casos sean ventilados en los méritos. Íd. Véase, también, Cuevas Segarra, *op. cit.*, pág. 1118." *Rivera et al. v. Arcos Dorados et al.*, supra, págs. 206-207.

Por otra parte, la Regla 39.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2, le confiere al tribunal la facultad para, entre otras cosas, decretar la desestimación de un pleito en determinadas

circunstancias. Dicha Regla, en lo pertinente al presente caso, dispone lo siguiente:

> "(a) Si la parte demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud de la parte demandada podrá decretar la desestimación del pleito o de cualquier reclamación contra esta o la eliminación de las alegaciones, según corresponda. **Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término."** (énfasis suplido) Regla 39.2(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2(a).

La desestimación del pleito tiene el efecto de privar al demandante de su día en corte, por lo que se ha señalado que el tribunal debe ejercer dicha facultad con mesura. *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 264 (2021); *Ortiz v. Harrington*, 113 DPR 494, 498 (1982). La desestimación como sanción "debe prevalecer únicamente en situaciones extremas en las que sea clara e inequívoca la desatención y el abandono total de la parte con interés." *Mejías et al. v. Carrasquillo et al.,* 185 DPR 288, 298 (2012); *Mun. de Arecibo v. Almac. Yakima,* 154 DPR 217 (2001). Esta deberá utilizarse después que otras sanciones de menor severidad hayan probado ser ineficaces y, en todo caso, no debería procederse a ella sin un previo apercibimiento. *Ramírez de Arellano v. Srio. de Hacienda*, 85 DPR 823, 829-830 (1962).

De la propia Regla 39.2 (a) de Procedimiento Civil, *supra*, surge que, una vez se plantea ante el tribunal una situación que amerite la imposición de sanciones, este deberá, primeramente, apercibir al abogado de la parte de la situación y concederle la oportunidad para responder. Si el abogado de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones a dicho letrado y se notificará directamente a la parte sobre la situación. *Íd.* Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. *Íd.*; *Mejías et al. v. Carrasquillo et al.,* supra, pág. 297; *Mun. de Arecibo v. Almac. Yakima,* 154 DPR 217, 222 (2001); *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807, 814-815 (1986).

El postergar la imposición de la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones como último recurso al cual se deba acudir, "responde a la política judicial imperante, por un lado, de que los casos se ventilen en sus méritos y, por otro lado, de que estos se resuelvan de forma justa, rápida y económica." *Amaro González v. First Fed. Savs.*, 132 DPR 1042, 1051-1052 (1993); *VS PR, LLC v. Drift-Wind, Inc.*, supra; *Mejías et al. v. Carrasquillo et al.*, supra.

**III**.

En su recurso de apelación, La Sra. Mojica Rosado señaló como error que el Tribunal de Primera Instancia, en su *Resolución* del 27 de septiembre de 2024, dejó sin efecto la Vista de Impugnación del Informe Social como sanción por el incumplimiento en la presentación del Informe Conjunto. Alegó que esta decisión constituyó un abuso de discreción, parcialidad y error manifiesto, al imponer una sanción excesivamente severa sin considerar otras medidas menos drásticas. Además, argumentó que esta actuación

violó su derecho constitucional a un debido proceso y resultó en un fracaso de la justicia.

El Tribunal de Primera Instancia erró en su determinación, ya que quedó demostrado que existía justa causa para el incumplimiento de la apelante con las órdenes relacionadas con el manejo del caso, fundamentado en los problemas de salud de su abogado. La imposición de una sanción tan drástica como dictar sentencia y dejar sin efecto la vista de impugnación excedió, a nuestro juicio, el ámbito razonable del ejercicio de su discreción.

Del análisis del trámite procesal, no se desprende que el tribunal haya aplicado progresivamente las sanciones previstas en la Regla 37.7 de Procedimiento Civil, *supra*, frente al presunto incumplimiento de la Sra. Mojica Rosado. Si bien el 9 de julio de 2024 el tribunal impuso una sanción económica de $50.00 por la falta de cumplimiento con la presentación del informe conjunto, dicha sanción fue reconsiderada a petición de las partes. Posteriormente, el 11 de septiembre de 2024, la Sra. Mojica Rosado solicitó un término adicional de veinte (20) días para cumplir con dicho informe debido a las complicaciones de salud de su representante legal. Aunque el tribunal concedió un término de quince (15) días, al vencimiento de este optó por declarar el incumplimiento de la apelante, acogió las recomendaciones del Informe Social Forense y anuló la vista de impugnación previamente señalada.

Consideramos que, ante estas circunstancias, el tribunal debió optar por sanciones menos severas y proporcionar mayores garantías al debido proceso, promoviendo así una adjudicación justa y equitativa en atención a los méritos del caso.

Se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos, en conformidad con lo aquí

resuelto. De considerarlo necesario, dicho tribunal deberá ordenar la preparación y presentación de un informe social complementario.

**IV**

Por los fundamentos expuestos, este Tribunal resuelve revocar el dictamen apelado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones